MCCOY, TURNAGE & ROBERTSON, LLP
James R. Robertson, SBN 204923
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel: 858-300-1900
Fax: 858-300-1910

Attorneys for Plaintiffs

FILED
2010 JUL 22 PM 1:51
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MONTY N. CAZIER, for himself and on behalf of all similarly situated individuals;

Plaintiffs,

v.

LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., a corporation; and DOES 1 through 50, inclusive,

Defendants.

'10 CV 1531  MMA JMA

**CLASS ACTION**

COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION AND DAMAGES FOR VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, ET SEQ.

**DEMAND FOR JURY TRIAL**

Complaint Filed:
Trial Date:

COMES NOW, the Plaintiff, Monty N. Cazier, on behalf of himself and all similarly situated individuals and alleges the following claims:

## INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. Defendant operates a national database of public records and related employment histories as a nationwide consumer reporting agency. It maintains a FCRA database to prepare and furnish consumer reports for employment and other purposes. Defendant provided these consumer reports to prospective and existing employers of the Plaintiff and the putative class. Many of these employers did thereafter

refuse to hire or did discharge Plaintiff and other consumers based in whole or in part on the consumer reports.

2.  Plaintiff brings a class claim under 15 U.S.C. §1681k because Defendant did not provide Plaintiff and other similarly situated consumers notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long standing requirements denied the Plaintiff and each putative class member these important rights.

## JURISDICTION AND VENUE

3.  The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

4.  Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in this district. Further, the Defendant's consumer reports regarding the Plaintiff and other putative Sub-class members were furnished to "HD Facilities Maintenance" in this District. Further, upon information and belief, Defendant performed the primary servicing components of the background check process at its facility in Southern California.

## PARTIES

5.  Monty N. Cazier (hereinafter "Cazier") is a "consumer" as protected and governed by the FCRA.

6.  Defendant ("ChoicePoint") ChoicePoint's Workplace Solutions, Inc. was merged with LexisNexis Screening Solutions, Inc. after Reed Elsevier purchased ChoicePoint, Inc. in late 2008 and thereafter absorbed it's subsidiaries into its own similar business operations.

## FACTS

7. ChoicePoint furnished the consumer report which is the subject of this suit, and upon information and belief supplied additional consumer reports to third party employers for employment purposes.

8. During the FCRA statute of limitations period ChoicePoint was a "consumer reporting agency" as governed by the FCRA.

9. During the FCRA statute of limitations period ChoicePoint was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

10. HD Supply, Inc. is a Delaware corporation doing business in San Diego, California. Its "HD Facilities Maintenance" division (hereinafter "HD Supply"), which requested and received the subject report, is located at Scripps Summit Court, San Diego, California.

11. At all times relevant hereto, HD Supply was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

12. Cazier applied for employment with HD Supply, Inc. in the summer of 2008.

13. On July 24, 2008, HD Supply requested a consumer report for employment purposes on Cazier from ChoicePoint.

14. On or after July 24, 2008, Defendant furnished a consumer report regarding the named Plaintiff and each putative class member, which contained public record information likely to have an adverse effect upon their ability to obtain employment, to a third party for the purpose of determining eligibility for employment.

15. The results of the consumer report caused HD Supply to fail to hire Cazier in August 2008.

16. The first time that Cazier learned of the contents of the subject consumer report was in March 2009 when he requested a copy of the report from ChoicePoint after Defendant failed to hire him.

17. HD Supply, either directly or through ChoicePoint as its agent, did not provide Cazier with a copy of the consumer report or written summary of his rights under the FCRA before or even at the time it informed him he was not going to be hired.

18. Despite providing a report for employment purposes to Plaintiff's and putative class members' prospective employers containing public record information likely to have an adverse affect upon their ability to obtain or maintain employment, Defendant failed to provide notice at the time of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported. While it occasionally did mail this required §1681k(a)(1) letter to some consumers, it did so "at the time" it furnished the related consumer report.

19. On information and belief, Plaintiff alleges that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. §1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information. Title 15 U.S.C. §1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

20. LexisNexis settled an earlier class action lawsuit, *Williams v. LexisNexis Risk Management, Inc.*, No. 3:06-cv-00241-REP (E.D.VA.) for the very conduct alleged in this case. However, at the time of this earlier litigation, Reed Elsevier had not yet purchased ChoicePoint. They were still rivals and unrelated companies.

21. ChoicePoint has also settled an earlier class action lawsuit, *Beverly v. ChoicePoint, Inc.*, No. 3:07-cv-00541-RLW (E.D.VA.) for the very conduct alleged in this case. However, the allegations and facts in that case were limited solely to ChoicePoint's sale of consumer reports to two companies – Wal-Mart and Target.

///

///

///

///

22. The relevant class definition in *Beverly* – defining the consumers who have now released their claims against LexisNexis and who are excluded from the putative class definition in this case – was:

> All natural persons residing in the United States or its territories to whom, per ChoicePoint WorkPlace Solutions, Inc's records, a notice was mailed by ChoicePoint WorkPlace Solutions, Inc. pursuant to 15 U.S.C. §1681k on or after August 10, 2005 through February 20, 2008 as a result of a request for an employment background check by either Target Corp. or Wal-Mart Stores, Inc.

23. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

24. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer or consumer reporting agency knows about or can easily discover these mandates.

25. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

26. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n and §1681o.

27. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

## CLASS ACTION ALLEGATIONS

28. **The FCRA Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

///

All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a ChoicePoint consumer report furnished to a third party (b.) other than Wal-Mart or Target (c.) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment (d.) that was furnished to a third party to make an employment decision (e.) within two years next preceding the filing of this action and during its pendency, and (f.) to whom ChoicePoint did fail to mail (place in the United States mail postage pre-paid) a written notice that it was furnishing the subject report on the day it furnished the report. Excluded from the class definition are any employees, officers, directors of ChoicePoint (now LexisNexis), any attorney appearing in this case, and any judge assigned to hear this action.

29. **Plaintiff's proposed Sub-Classes.** Plaintiff also alleges the following proposed Sub-Classes, of which Plaintiff is a member:

   a. All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a ChoicePoint consumer report (b.) identifying "HD Facilities Maintenance" division at 10541 Scripps Summit Court, San Diego, California as the recipient or user (c.) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment, (d.) that was furnished for an employment purpose, (e.) within two years next preceding the filing of this action and during its pendency, and (f.) to whom ChoicePoint did fail to mail (place in the United States mail postage pre-paid) a written notice that it was furnishing the subject report on the day it furnished the report; and/or

   b. All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who were the subject of a ChoicePoint consumer report issued or administered by a ChoicePoint service center in California (b.) identifying "HD Facilities Maintenance" division San Diego, California as the recipient or user (c.) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment, (d.) that was furnished for an employment purpose, (e.) within two years next preceding the filing of this action and during its pendency, and (f.) to whom ChoicePoint did fail to mail (place in the United States mail postage pre-paid) a written notice that it was furnishing the subject report on the day it furnished the report.

30. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel (858)300-1900 / Fax (858)300-1910
www.mtrlaw.com

31. **Existence and Predominance of Common Questions of Law and Fact.** FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendants' uniform conduct and procedures, whether Defendants sent the required notices, when they did so and whether Defendants acted willfully in their failure to design and implement procedures to assure compliant delivery and/or timing of these notices.  Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

32. **Typicality.** FED. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member.  Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

33. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  FED. R. CIV. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

34. **Superiority.**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the

delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

35. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

## COUNT ONE: VIOLATION OF THE FCRA § 1681k(a)(1)

36. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

37. Defendant's failure to timely provide the required FCRA notices to the Plaintiff and other members of the putative class violated 15 U.S.C. §1681k(a)(1).

38. The conduct, action, and inaction of Defendant were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

39. Plaintiff and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**WHEREFORE**, Plaintiff and the Class Members pray for relief as follows:

1. An order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;
2. The creation of a common fund available to provide notice of and remedy Defendant's FCRA violations;
3. Statutory and punitive damages;
4. Equitable and/or declaratory relief;
5. Attorneys fees, expenses and costs;
6. Pre-judgment and post-judgment interest as provided by law; and

7. Such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY**

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATED: July 21, 2010

MCCOY, TURNAGE & ROBERTSON, LLP

By: _____
JAMES R. ROBERTSON
Attorneys for Plaintiff Monty N. Cazier and on behalf of similarly situated individuals

JS 44 (Rev. 12/07) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MONTY N. CAZIER

(b) County of Residence of First Listed Plaintiff: Comal County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
McCoy, Turnage & Robertson, LLP (Tele - 858-300-1900)
5469 Kearny Villa Rd., Ste. 206, San Diego, CA 92123

## DEFENDANTS
LEXISNEXIS SCREENING SOLUTIONS, INC., a corporation and DOES 1 through 50.

County of Residence of First Listed Defendant: San Diego County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
'10 CV 1531 MMA JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1681, et seq.
Brief description of cause:
Violation of the Federal Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Statutory Penalties
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/21/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 16123  AMOUNT $350  7/22/10 BH  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

CP

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016123
Cashier ID: bhartman
Transaction Date: 07/22/2010
Payer Name: MCCOY TURNAGE AND ROBERTSON
--------------------------------
CIVIL FILING FEE
 For: CAZIER V LEXISNEXIS
 Case/Party: D-CAS-3-10-CV-001531-001
 Amount:         $350.00
--------------------------------
CHECK
 Check/Money Order Num: 2470
 Amt Tendered: $350.00
--------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```