JAMES F. McCABE (CA SBN 104686)
jmccabe@mofo.com
ADRIANO HRVATIN (CA SBN 220909)
ahrvatin@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
LEXISNEXIS SCREENING SOLUTIONS INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTY N. CAZIER, for himself and on behalf of all similarly situated individuals,<br><br>      Plaintiffs,<br><br>  v.<br><br>LEXISNEXIS SCREENING SOLUTIONS, INC., formerly known as CHOICEPOINT'S WORKPLACE SOLUTIONS, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No.   10 CV 1531 MMA JMA<br><br>**CLASS ACTION**<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed: July 22, 2010 |

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, defendant LexisNexis Screening Solutions Inc. ("LNSS") responds to plaintiff Monty N. Cazier's complaint, filed July 22, 2010, as follows.

## INTRODUCTION

1. In response to paragraph 1, LNSS admits that plaintiff purports to bring this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").  LNSS admits that it operates as a consumer reporting agency under the FCRA.  LNSS admits that in or about July 2008, it prepared and sold a criminal background screening report regarding plaintiff to HD Supply Facilities Maintenance, Ltd. ("HDSFM").  LNSS lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the employment decision made by HDSFM with respect to plaintiff or any employment decision made by other employers to whom LNSS sold a criminal background screening report and denies the allegations on that basis.  To the extent paragraph 1 states legal conclusions, no response thereto is necessary.  Except as expressly admitted, LNSS denies the allegations in paragraph 1.

2. In response to paragraph 2, LNSS admits that plaintiff purports to bring a class action under the FCRA.  LNSS denies that it violated the FCRA with respect to plaintiff or any other person.  To the extent paragraph 2 states legal conclusions, no response thereto is necessary.  Except as expressly admitted, LNSS denies the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. LNSS admits the allegations in paragraph 3.

4. LNSS admits that it regularly does business in this District and that in or about July 2008, it furnished to HDSFM a criminal background screening report regarding plaintiff.  Except as expressly admitted, LNSS denies the allegations in paragraph 4.

## PARTIES

5. LNSS states that since paragraph 5 states only legal conclusions, no response thereto is necessary.

6. LNSS denies the allegations in paragraph 6.

**FACTS**

7. LNSS admits that it prepares and sells criminal background screening reports at the request of customers such as prospective employers. LNSS admits that in or about July 2008, it prepared and sold to HDSFM a criminal background screening report regarding plaintiff. Except as expressly admitted, LNSS denies the allegations in paragraph 7.

8. LNSS admits that in the two years prior to the filing of this action, it has operated as a consumer reporting agency within the meaning of the FCRA. Except as expressly admitted, LNSS denies the allegations in paragraph 8.

9. LNSS admits that, in preparing and selling criminal background screening reports to employers, it operates as a consumer reporting agency under the FCRA. Except as expressly admitted, LNSS denies the allegations in paragraph 9.

10. LNSS admits that the address it has been provided as HDSFM's mailing address for criminal background screening reports is in San Diego, California. Except as expressly admitted, LNSS denies the allegations in paragraph 10.

11. LNSS states that since paragraph 11 states only legal conclusions, no response thereto is necessary.

12. LNSS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and denies the allegations on that basis.

13. LNSS admits that on July 24, 2008, HDSFM ordered a criminal background screening report regarding a "Monty Noel Cazier" with an address in New Braunfels, Texas. Except as expressly admitted, LNSS denies the allegations in paragraph 13.

14. LNSS admits that, in response to HDSFM's July 24, 2008 request, LNSS returned to HDSFM a report showing that a "Monty Noel Cazier" had pled guilty in state court in Michigan to assault and battery and to resisting or obstructing a police officer. LNSS lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14 and on that basis denies them.

15. LNSS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and on that basis denies them.

16. LNSS lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and on that basis denies them.

17. In response to paragraph 17, LNSS admits that in or about July 2008, it did not provide plaintiff with a copy of the report that it provided to HDSFM, but denies that it was obligated under the FCRA to do so. LNSS lacks sufficient knowledge or information to form a belief as to the truth of the balance of the allegations in paragraph 17 and on that basis denies them.

18. In response to paragraph 18, LNSS admits that in or about July 2008, it did not provide plaintiff with a copy of the report that it provided to HDSFM, but denies that it was obligated under the FCRA to do so. Except as expressly admitted, LNSS denies the allegations in paragraph 18.

19. LNSS denies the allegations in paragraph 19.

20. LNSS admits that LexisNexis Risk Management Inc. was a named defendant in the *Williams* case. Except as expressly admitted, LNSS denies the allegations in paragraph 20.

21. LNSS admits that ChoicePoint Inc. and ChoicePoint WorkPlace Solutions Inc. were named defendants in the *Beverly* case. Except as expressly admitted, LNSS denies the allegations in paragraph 21.

22. LNSS states that since the class definition in the unrelated *Beverly* action described in paragraph 22 speaks for itself, no response thereto is necessary.

23. To the extent that paragraph 23 states legal conclusions, no response thereto is necessary. LNSS admits that it is aware of obligations imposed on it by the FCRA. Except as admitted, LNSS denies the allegations in paragraph 23.

24. To the extent that paragraph 24 states legal conclusions, no response thereto is necessary. LNSS admits that it has written materials regarding its duties under the FCRA. Except as admitted, LNSS denies the allegations in paragraph 24

25. To the extent that paragraph 25 states legal conclusions, no response thereto is necessary. LNSS denies that it violated the FCRA with respect to plaintiff or any other person. Except as expressly admitted, LNSS denies the allegations in paragraph 25.

26. To the extent that paragraph 26 states legal conclusions, no response thereto is necessary. LNSS denies that it violated the FCRA with respect to plaintiff or any other person. Except as expressly admitted, LNSS denies the allegations in paragraph 26.

27. To the extent that paragraph 27 states legal conclusions, no response thereto is necessary. LNSS denies that it violated the FCRA with respect to plaintiff or any other person. Except as expressly admitted, LNSS denies the allegations in paragraph 27.

**CLASS ACTION ALLEGATIONS**

28. In response to paragraph 28, LNSS admits that plaintiff purports to bring this action as a class action. LNSS admits that plaintiff purports to define a class as stated in paragraph 28. Except as expressly admitted, LNSS denies the allegations in paragraph 28.

29. In response to paragraph 29, LNSS admits that plaintiff purports to define two sub-classes as stated in paragraph 29. Except as expressly admitted, LNSS denies the allegations in paragraph 29.

30. LNSS denies the allegations in paragraph 30.

31. LNSS denies the allegations in paragraph 31.

32. LNSS denies the allegations in paragraph 32.

33. LNSS denies the allegations in paragraph 33.

34. LNSS denies the allegations in paragraph 34.

35. LNSS denies the allegations in paragraph 35.

**COUNT ONE: VIOLATION OF THE FCRA § 1681k(a)(1)**

36. In response to paragraph 36, LNSS realleges and incorporates by reference each and every preceding paragraph of this answer as if fully set forth herein.

37. LNSS denies the allegations in paragraph 37.

38. LNSS denies the allegations in paragraph 38.

39. LNSS denies the allegations in paragraph 39.

**TRIAL BY JURY**

LNSS admits that plaintiff seeks to try this case to a jury.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the complaint and without admitting or acknowledging that LNSS bears any burden of proof as to any of them, LNSS asserts the following affirmative defense.  LNSS intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to further amend this answer in order to assert all such further defenses.

### First Affirmative Defense

The complaint, and its purported claim, is barred because plaintiff lacks standing.

### PRAYER FOR RELIEF

WHEREFORE, LNSS prays as follows:

(a)     that plaintiff take nothing by way of his complaint;

(b)     that judgment be rendered against plaintiff and in favor of LNSS;

(c)     LNSS be awarded its fees and costs of suit; and

(d)     for such other relief be awarded to LNSS that the Court deems appropriate.

Dated:  November 10, 2010                MORRISON & FOERSTER LLP

By:  s/ James F. McCabe
James F. McCabe
Email:  jmccabe@mofo.com

Attorneys for Defendant
LEXISNEXIS SCREENING
SOLUTIONS INC.

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of November 2010, I electronically filed the foregoing Answer to Complaint with the Clerk of the Court using the CM/ECF System, which will send a notification of the filing to the following attorneys of record:

James R. Robertson, Esq.
McCoy, Turnage & Robertson, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California  92123

Attorneys for Plaintiff Monty N. Cazier

 s/ James F. McCabe
James F. McCabe